IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Justin Keith Williams, ) | |
| ) | Civil Action No. 5:19-cv-01978-JMC |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Michael W. Kirkeby, Global Fiber Group ) | |
| Packaging, Inc., d/b/a GFG Packaging ) | |
| and John Doe, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court pursuant to Plaintiff Justin Keith Williams' Motion to Remand (ECF No. 11) the case to the Orangeburg County Court of Common Pleas. Defendants Michael W. Kirkeby, Global Fiber Group Packaging, and John Doe ("Defendants") oppose Williams' Motion to Remand and asks the court to retain jurisdiction of this case. (ECF Nos. 13, 17.) For the reasons set forth below, the court **GRANTS** Williams' Motion to Remand (ECF No. 11).

### I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On June 4, 2019, Williams filed a Summons and Complaint against John Doe and Defendants in the Orangeburg County Court of Common Pleas seeking damages for alleged injuries he sustained as a result of a motor vehicle accident that occurred on June 9, 2016. (ECF 1-1.) Williams alleges he is a citizen and resident of Lexington County, alleges that Defendants Michael Kirkeby and Global Fiber Group Packaging ("GFG") are citizens and residents of Georgia, and alleges that John Doe is a resident of South Carolina (ECF 1-1, ¶¶ 1-3, 5.) Progressive Mountain Insurance Company filed its Notice of Removal on and answered the

1

Complaint on behalf of Defendants Kirkeby and GFG on July 11, 2019. (ECF 4, ¶¶ 10-13.) In their Answer, the liability carrier on behalf of the named Defendants admitted Williams was a citizen and resident of Lexington County, and admitted Defendant Kirkeby and GFG were residents of Georgia. *Id*. Defendants' Notice of Removal (ECF No. 1), which was filed on July 16, 2019, also re-iterates that Plaintiff is a resident of South Carolina, Defendant Kirkeby and GFG are residents of Georgia, and Defendant John Doe is from South Carolina. (ECF No. 1, ¶¶ 2-5.)

Williams filed his Motion to Remand on August 7, 2019. (ECF 11.) Defendants Kirkeby and GFG filed their Opposition to Williams' Motion to Remand on August 13, 2019 and John Doe filed his Opposition to William's Motion to Remand on August 19, 2019. (ECF Nos. 13, 17.) Williams filed his Reply to Defendants' Oppositions on August 20, 2019. (ECF No. 18.) Williams' Motion to Remand is now ripe for adjudication.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or the value of $75,000 and is between citizens of different states." 28 U.S.C. § 1332(a). In cases in which the district court's jurisdiction is based on diversity of citizenship, the burden of establishing federal jurisdiction rests upon the party seeking removal. *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008)(holding that in removing cases based on diversity jurisdiction, the party invoking federal jurisdiction must allege same in their notice of removal and when challenged demonstrate basis for jurisdiction); *Mulcahey v. Columbia Organic Chemicals Co.*

*Inc.*, 29 F.3d 148, 151 (4th Cir. 1994)(holding that the burden is on the removing defendant to establish subject matter jurisdiction). "Because courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court." *Messex v. Quicken Loans, Inc.*, C/A No. 2:15-cv-04773-JMC, 2016 WL 3597597, at *2 (D.S.C. July 5, 2016); *See also Mulcahey*, 29 F.3d at 151(holding that "if federal jurisdiction is doubtful, a remand is necessary").

Typically, when analyzing removal actions based on diversity of citizenship, "[t]he citizenship of defendants sued under fictitious names should be disregarded. 28 U.S.C. § 1441(b)(1); *see also Price v. Allstate Ins. Co.*, C/A No. 1:14-cv-04081-JMC, 2015 WL 4389335, at *3 (D.S.C. July 15, 2015) (finding that "[t]he citizenship of Does, who have yet to be identified, cannot be taken into consideration when determining whether removal is proper"); *Whittemore v. County Inn & Suites by Carlson, Inc.*, C/A No. 5:14-cv-01980-JMC, 2014 WL 7446204, at *2 (D.S.C. Dec. 30, 2014); *Addison v. Travelers Indem. Co. of America*, C/A No. 1:09-cv-03086-MBS, 2010 WL 3258585, at *1 (D.S.C. Aug. 10, 2010)(disregarding citizenship of defendant John Doe by referring to the commentary of 28 U.S.C. § 1441(a), "[t]his commentary specifically states that when defendants are given fictitious names, such as "John Doe," they are fictitiously named defendants").

However, the Fourth Circuit determined in *Sligh v. Doe*, 596 F.2d 1169, 1171 (4th Cir. 1979), that courts may consider facts that would support an inference regarding the unknown defendant's citizenship. The parties must offer "some affirmative evidence pointing towards [John Doe's] citizenship, not conclusive evidence by any means, but sufficient to support a finding in the absence of any contradictory proof." *Id*. In *Sligh*, for example, the alleged John Doe's car had a Virginia license plate and the Fourth Circuit found this was sufficient evidence to support a

finding that John Doe was a citizen of Virginia. *Id*. Additionally, the Fourth Circuit noted in *Sligh* that "**even when no evidence is offered, the circumstances made it more probable than not that the unknown driver ... was a citizen of Virginia**." *Id*. (Emphasis added.) For this proposition, the Fourth Circuit was persuaded by *Johnson v. General Motors*, 242 F. Supp. 778 (E.D. Va. June 8, 1965), in which the district court found that, "[s]ince the accident giving rise to this cause of action took place in [Norfolk, Virginia], it is more probable than not that the unknown driver…was a citizen of Virginia." *Sligh*, 596 F.2d at 1171.

### III. DISCUSSION

A. <u>The Parties' Arguments</u>

Williams argues that diversity jurisdiction does not exist because he and John Doe are alleged to both live in South Carolina. (ECF 11). Williams also argues that because there is no dispute as to whether John Doe is an actual person and because Defendants have essentially admitted to Doe's South Carolina residency in their Notice of Removal, then diversity jurisdiction does not exist.

Defendants, on the other hand, argue that federal law requires the court to ignore John Doe's citizenship for purposes of determining whether removal is proper. *See* 28 U.S.C. § 1441(b)(1) (2012). Defendants further assert that by ignoring John Doe's alleged citizenship, the court must conclude that complete diversity exists because Williams is a citizen and resident of South Carolina and Defendants Kirkeby and GFG are citizens and residents of Georgia. Finally, in Defendants' view, because John Doe has a pending Motion to Dismiss before the court, if his Motion is granted, then "there will be no legitimate issue as to the court's jurisdiction." (ECF No. 13 at 1.)

B. The Court's Review

Defendants are correct that, generally, a fictitious defendant's citizenship is not to be considered when determining diversity jurisdiction. However, the Fourth Circuit determined in *Sligh v. Doe*, 596 F.2d 1169, 1171 (4th Cir. 1979), that courts may consider facts that would support an inference regarding the unknown defendant's citizenship. The parties must offer "some affirmative evidence pointing towards [John Doe's] citizenship, not conclusive evidence by any means, but sufficient to support a finding in the absence of any contradictory proof." *Id*. While the general rule does command that a fictitious "John Doe's" citizenship is not to be considered in determining diversity of citizenship, those cases concerned one party asserting that John Doe lived in one state and the opposing party asserting that he lived in another. The instant matter presents an interesting conundrum for Defendants. Here, Defendants' own Notice of Removal states, "the co-defendant is John Doe. Upon information and belief, the co-defendant John Doe is a citizen and resident of the State of South Carolina, County of Calhoun." (ECF No. 1 at 2, ¶ 4.) Not only has Williams set forth facts regarding John Doe's citizenship, but so do Defendants. The court concludes that Williams has alleged facts that would support an inference regarding John Doe's citizenship. *Sligh*, 596 F.2d at 1171. Accordingly, the court determines that the removing party has failed to bear their burden that complete diversity exists.

Next, the court addresses Defendants' argument that the court should resolve John Doe's Motion to Dismiss (ECF No. 9) before the instant Motion to Remand (ECF No. 11). The district court must be certain that federal subject matter jurisdiction is proper before entertaining any motion by the defendant under Federal Rule 12 to dismiss the Plaintiff's complaint for failure to state a claim upon which relief may be granted. *See*, e.g., *Akhlaghi v. Berry*, 294 F.Supp.2d 1238 (D. Kan. 2003) (remanding, concluding it better practice to rule

on motion to remand before motion to dismiss for failure to state a claim); *Thompson v. Fritsch*, 966 F. Supp. 543 (D. Mich. 1997) (must establish removal jurisdiction before granting summary judgment); *Ren-Dan Farms, Inc. v. Monsanto Co.*, 952 F. Supp, 370 (D. La. 1997) (must determine subject matter jurisdiction before personal jurisdiction or venue); *National Union Fire Inc. Co. v. Liberty mutual Ins. Co.*, 878 F. Supp. 199 (D. Ala. 1995). This court defers consideration of any pending Motions to Dismiss until removal jurisdiction can be established.

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** Plaintiff Justin Keith Williams' Motion to Remand (ECF No. 11). The district court clerk is hereby directed to send the Order to the Orangeburg County Court of Common Pleas and provide copies to counsel.

**IT IS SO ORDERED.**

March 17, 2020
Columbia, SC

*J. Michelle Childs*

United States District Judge